The Rosen Law Firm
INVESTOR COUNSEL

October 21, 2026

Phillip Kim
philkim@rosenlegal.com

**<u>Via ECF</u>**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: <u>Daugherty v. Wise Group plc, No. 1:26-cv-06582 (S.D.N.Y.)</u>**

Dear Judge Torres:

Plaintiff Daniel Daugherty respectfully submits this response to Defendants' October 16, 2026 letter requesting leave to file what is, in substance, a sur-reply to Plaintiff's reply memorandum and supporting declaration. The request should be denied, and Defendants' letter should be disregarded. Defendants acknowledge that the Court's rules do not permit a sur-reply absent leave, but their letter simultaneously seeks leave and argues the merits. It does not identify any genuinely new issue requiring further briefing. Instead, it repeats Defendants' opposition argument that Mr. Daugherty's submission was supposedly deficient because his opening papers did not include a separate declaration addressing adequacy.

Mr. Daugherty's declaration did not inject a new theory into the case. It responded directly to Defendants' opposition, which argued that Mr. Daugherty had provided no evidence of his background, experience, willingness to supervise counsel, or ability to serve as lead plaintiff. First, there is no requirement that Mr. Daugherty must provide such information for a preliminary showing of adequacy and typicality. *Kasilingam v. Tilray, Inc.*, 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality). Second, Defendants cannot create a need for a sur-reply by making an adequacy attack in opposition and then crying foul when the reply answers that attack. Courts have discretion to permit sur-replies when a reply brief raises *truly new issues*; sur-replies are not a vehicle to repeat arguments already made or to obtain the last word on a fully briefed motion. *See*, *e.g.*, *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), aff'd, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008); *Bonnie & Co. Fashions, Inc. v. Bankers Tr. Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996).



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Nor does Defendants' letter alter the PSLRA analysis. The PSLRA provides that the presumptive most adequate plaintiff is the movant who filed the complaint or timely moved in response to notice, has the largest financial interest, and otherwise satisfies Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Daugherty is the only movant, no class member has opposed his motion, and his certification and submissions establish the required preliminary showing of typicality and adequacy. The statute also provides that the presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptive lead plaintiff will not fairly and adequately protect the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Defendants are not class members, and their letter identifies no conflict, no unique defense, and no statutory defect in Mr. Daugherty's certification.

Defendants' premise that Mr. Daugherty's modest loss defeats adequacy is also wrong. The PSLRA imposes no minimum loss threshold. Courts in this District have appointed lead plaintiffs with modest losses, including in *Damri v. LivePerson, Inc.*, 2024 WL 1242510, at *3–5 (S.D.N.Y. Mar. 22, 2024), and *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 64–65 (S.D.N.Y. 2022). Contrary to Defendants' assertions, neither *Damri* nor *Nayani* created a rule that a lead plaintiff movant must provide detailed proof of adequacy to be appointed lead plaintiff. A *prima facie* showing is sufficient.

Defendants also mischaracterize the record. Mr. Daugherty's opening papers provided his background, including that he lives in Colorado, works in tech support, has a B.A. in Psychology, has invested for 20 years, and communicated with competent and experienced counsel concerning this case. His PSLRA certification states that he reviewed the complaint, authorized its filing, and is willing to serve as a representative party, including by providing testimony at deposition and trial if necessary. His declaration further confirms that he understands a lead plaintiff's obligation to direct the litigation and stay apprised of material developments, and that he intends to meet with his counsel as needed to receive updates and provide input concerning liability and damages. At this preliminary stage, that showing is sufficient. *Kasilingam*, 2020 WL 4530357, at *3.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' request for leave to file a sur-reply, disregard Defendants' October 16 letter, and grant Mr. Daugherty's motion for appointment as lead plaintiff and approval of his selection of counsel.

Respectfully submitted,

*/s/ Phillip Kim*
Phillip Kim

cc: All Counsel of Record via ECF