USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL DAUGHERTY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

WISE GROUP, PLC, KRISTO KÄÄRMANN, and EMMANUEL THOMASSIN,

Defendants.

26 Civ. 6582 (AT)

**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL**

ANALISA TORRES, District Judge:

On September 29, 2026, Daniel Daugherty filed a motion for his appointment as lead plaintiff and approval of his selection of The Rosen Law Firm, P.A. ("Rosen Law") as lead counsel for the proposed class. *See* Mot., ECF No. 7; Mem., ECF No. 8; *see also* Daugherty Decl., ECF No. 1-1; Reply, ECF No. 12. No other individuals or entities filed for appointment as lead plaintiff or lead counsel. However, Wise Group, PLC ("Wise Group"), Kristo Käärmann, and Emmanuel Thomassin ("Defendants") oppose the appointment.[1] *See* Opp., ECF No. 11. For the reasons stated below, Daugherty's motion is GRANTED.

**BACKGROUND**

On July 31, 2026, Daugherty filed this "class action on behalf of all persons or entities who had purchased or otherwise acquired publicly traded Wise Group securities between May 11, 2026 and July 23, 2026." Compl. ¶ 1, ECF No. 1. Daugherty sued Wise Group as well as Käärmann, Wise Group's Chief Executive Officer, and Thomassin, its Chief Financial Officer. *Id.* ¶¶ 11–12. That same day, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Rosen Law filed a public notice of this lawsuit in Business Wire, which stated that individuals had

[1] On October 16, 2026, Defendants filed a sur-reply without leave of the Court. *See* ECF No. 13. In its discretion, the Court will not consider the sur-reply. *See Kapiti v. Kelly*, 07 Civ. 3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008).

until September 29, 2026 to move to serve as lead plaintiff. *See* ECF No. 8-1 (public notice dated July 31, 2026); *see also* 15 U.S.C. § 78u-4(a)(3)(A)(II).

Daugherty filed his motion to serve as lead plaintiff on September 29, 2026. *See* Mot. at 7. Daugherty states that he purchased 200 shares of Wise Group securities and lost a total of $425.27. *See* Mem. at 5. He is the only individual who filed such a motion. On October 13, 2026, Defendants filed a memorandum of law in opposition to Daugherty's motion.[2] *See* Opp.

**LEGAL STANDARD**

Under the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[3] The PSLRA provides that the Court "shall adopt a presumption" that the most adequate plaintiff is the person or group of persons that: "(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the [C]ourt, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii)(I). "At this stage in the litigation, one need only make a 'preliminary showing' that Rule 23's typicality and adequacy requirements have been satisfied." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) ("[A] wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion

[2] Daugherty argues that Defendants do not have standing to challenge his appointment as lead plaintiff. *See* Reply at 1–3. Daughtery is incorrect as "the case authority permits defendants to be heard" on a plaintiff's motion for appointment as lead plaintiff in a PSLRA action. *See Damri v. LivePerson, Inc.*, 23 Civ. 10517, 2024 WL 1242510, at *2 n.1 (S.D.N.Y. Mar. 22, 2024). Defendants' "role on this motion is akin to that of *amicus curiae*, whose argument the Court may consider in its discretion." *Id.*

[3] The Court is not aware of cases requiring consolidation at this time. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

for class certification." (alterations in original) (citation omitted)); *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

**DISCUSSION**

Although there is no competing motion for appointment of lead plaintiff, the Court is obligated to perform an independent review to ensure Daugherty meets the PSLRA's requirements. *See Springer v. Code Rebel Corp.*, No. 16 Civ. 3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017).

Daugherty meets the PSLRA's first two requirements. He filed the complaint and his motion is timely. *See* Compl. at 1; Mem. at 4. Daugherty represents that he "is not aware of any other movant that has a greater financial interest" and the Court has not been presented with any evidence to the contrary. Mem. at 5; *see also* ECF No. 8-2 (loss chart).

Next, the Court reviews whether Plaintiff meets the Rule 23 requirements, with the understanding that, at this stage of the litigation, the Plaintiff must only make a "preliminary showing" of typicality and adequacy. *See Richman*, 274 F.R.D. at 479; *see also* 15 U.S.C. § 77z–1(a)(3)(B)(iii)(I)(cc). At this stage, Daugherty's claims appear typical of a class of similarly situated purchasers of Wise Group securities who suffered a loss as a result of the Defendants' alleged misconduct. *See* Mem. at 5–6; *see also* Opp.

Defendants argue that Daugherty's loss of $425.27 is "*de minimis*" and does not sufficiently provide him with "incentive to supervise counsel," making him an inadequate plaintiff. Opp. at 5–7. However, courts in this District have certified lead plaintiffs who have alleged losses of a similar amount. *See, e.g., Damri*, 2024 WL 1242510, at *3–5 (certifying a lead plaintiff who lost $375); *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 62–65 (S.D.N.Y. 2022) (certifying a lead plaintiff who lost $385). Ultimately, the purpose of the PSLRA is not to prevent a plaintiff with a

small claim from being a lead plaintiff, but rather to limit lawyer-driven litigation. *See Nayani*, 641 F. Supp. 3d at 64–65. As long as Daugherty demonstrates a sufficient "willingness and ability to represent the class," he should be appointed as lead plaintiff. *See id.* at 65.

Finally, the Court finds that Daugherty meets the adequacy requirements of Rule 23. Daugherty has submitted a certification attesting that he is willing to serve as lead plaintiff, including by "providing testimony at deposition and trial." *See* Mem. at 5; Certification, ECF No. 1-1. Furthermore, he has been investing for twenty years and has communicated with Rosen Law, an experienced law firm in these types of matters. *Id.* at 7. As discussed shortly, Daughtery's proposed counsel, Rosen Law, has the background and experience necessary to conduct the litigation. The Court has been presented with no evidence that Daugherty has any conflict of interest with other investors or could otherwise not adequately represent them. *See* Mem. at 7.

Based on the information submitted by Daugherty, he satisfies all the PSLRA's requirements. He is, therefore, entitled to a presumption that he is the most adequate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption has not been sufficiently rebutted. Thus, Daugherty shall be appointed as lead plaintiff.

Finally, under the PSLRA, the lead plaintiff is authorized to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Rosen Law has extensive experience in securities litigation and the requisite resources to zealously represent the proposed class. *See* Mem. at 8; ECF No. 8-4 (Rosen Law resume). The Court, therefore, approves the selection of Rosen Law as lead counsel for the proposed class.

Accordingly:

1. Daugherty's motion is GRANTED.
2. Daugherty is appointed as Lead Plaintiff for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

3. Daugherty's selection of Rosen Law as Lead Counsel is APPROVED under 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:
    a. briefing and argument on any and all motions;
    b. the conduct of any and all discovery proceedings including depositions;
    c. settlement negotiations;
    d. pretrial discovery proceedings, preparation for trial, and the trial of this matter, as well as delegation of work responsibilities to selected counsel as may be required;
    e. preparation and filing of all pleadings.
4. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel. No settlement negotiations shall be conducted without the approval of Lead Counsel.
5. Service upon any plaintiff of all pleadings, motions, or other papers in the action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.
6. Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel, as well as the spokesperson for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.
7. All securities class actions arising out of the same facts and claims on behalf of purchasers of Wise Group PLC securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This order shall apply to every such action, absent an order of the Court. A party objecting to such

consolidation, or to any other provisions of this order, must file an application for relief from this order within ten days after the action is consolidated into this action.

8. Every pleading in this action, and any related action that is consolidated with this action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re WISE GROUP PLC SECURITIES LITIGATION | 26 Civ. 6582 (AT)<br>CLASS ACTION |

9. Counsel in any related action that is consolidated with this action shall be bound by the organization of Plaintiff's counsel as set forth herein.

**CONCLUSION**

Accordingly, Daugherty's motion for appointment as Lead Plaintiff and approval of his selection of Rosen Law as Lead Counsel is GRANTED. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 7 and ECF No. 13, and designate Daugherty as Lead Plaintiff.

SO ORDERED.

Dated: November 5, 2026
New York, New York

ANALISA TORRES
United States District Judge